UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GOLDSTON, Jr, <br><br> Petitioner, <br><br> v. <br><br> WARDEN BIRGA, <br><br> Respondent. | Civil No.   11-2190 LAB (CAB) <br><br> **ORDER DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On September 19, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. The Court denied the in forma pauperis request and dismissed the case without prejudice and with leave to amend on September 27, 2011. (*See* ECF No. 3.) Petitioner was given until November 29, 2011, to either pay the $5.00 filing or submit adequate proof of his inability to pay the fee, and to submit a First Amended Petition which cured the pleading deficiencies outlined in the Order. (*Id.*)

On October 12, 2011, Petitioner submitted a First Amended Petition. (*See* ECF No. 4.) On October 19, 2011, Petitioner submitted a motion to proceed in forma pauperis. (*See* ECF No. 5.) By Order dated October 25, 2011, the Court granted Petitioner's application to proceed in forma pauperis, and dismissed the case for his failure to allege exhaustion of state judicial remedies, and state a cognizable federal claim. Petitioner was advised that he could proceed

with the case if he filed a Second Amended Petition which cured the pleading deficiencies noted in the Order no later than December 26, 2011. (*See* ECF No. 6.)

On November 14, 2011, Petitioner filed a Second Amended Petition. (See ECF No. 8.)

**FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Petitioner has once again failed to allege exhaustion of his state judicial remedies. Habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987).  To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34.  Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated.  The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned:  "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.* at 365-66 (emphasis added).  For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added).

Petitioner indicates he did not seek review in the California Supreme Court. (*See* Pet. at 6-7, ECF No. 8.)  If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

//

//

        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

     The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition is pending.  28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings.").  However, absent some other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ."  Rule 4, 28 U.S.C. foll. § 2254.  Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

### **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

     In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the petition]."  Rule 2(c), 28 U.S.C. foll. § 2254.  *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner made conclusory allegations instead of factual allegations showing that he was entitled to relief).

1  Here, Petitioner has again violated Rule 2(c) because although he claims counsel was ineffective,
2  he has failed to support the claim with specific factual allegations. (*See* Pet. at 6, ECF NO. 8.)

3  While courts should liberally interpret pro se pleadings with leniency and understanding,
4  this should not place on the reviewing court the entire onus of ferreting out grounds for relief.
5  *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition
6  contains conclusory allegations without any grounds for relief. A federal court may not entertain
7  a petition that contains allegations which are conclusory.

8  This Court would have to engage in a tenuous analysis in order to attempt to identify and
9  make sense of the Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real
10 possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)
11 (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail
12 to enable the Court to determine, from the face of the petition, whether further habeas corpus
13 review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the
14 allegations should be sufficiently specific to permit the respondent to assert appropriate
15 objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the
16 lack of grounds for relief in the Petition prevents the Respondent from being able to assert
17 appropriate objections and defenses.

18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

# CONCLUSION

Accordingly, the Court **DISMISSES** the Second Amended Petition without prejudice and with leave to amend. If Petitioner wishes to proceed with this action, he must file a Third Amended Petition on or before **December 26, 2011**, which cures the pleading deficiencies noted above. If Petitioner fails to file a Third Amended Petition by that date, or files a Third Amended Petition which fails to cure the pleading deficiencies noted above, he will be required to start over by filing a new federal habeas Petition which will be given a new civil case number. ***The Clerk of Court is directed to send Petitioner a blank Third Amended Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: November 29, 2011

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge