UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN GOLDSTON, Jr,<br><br>                    Petitioner,<br><br>     v.<br><br>WARDEN BIRGA,<br><br>                    Respondent. | Civil No.   11-2190 LAB (CAB)<br><br>**ORDER:**<br><br>**(1) WITHDRAWING NOVEMBER 30, 2011, ORDER [ECF No. 9] and**<br><br>**(2) DISMISSING SECOND AMENDED PETITION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND [ECF No. 8.]** |

       On September 19, 2011, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis. The Court denied Petitioner's in forma pauperis request and dismissed the case without prejudice and with leave to amend on September 27, 2011. (*See* ECF No. 3.) Petitioner was given until November 29, 2011, to either pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee, and to submit a First Amended Petition which cured the pleading deficiencies outlined in the Order. (*Id.*)

       On October 12, 2011, Petitioner submitted a First Amended Petition. (*See* ECF No. 4.) On October 19, 2011, Petitioner submitted a motion to proceed in forma pauperis. (*See* ECF No. 5.) By Order dated October 25, 2011, the Court granted Petitioner's application to proceed in

1 forma pauperis, and dismissed the case for his failure to allege exhaustion of state judicial
2 remedies, and state a cognizable federal claim. Petitioner was advised that he could proceed
3 with the case if he filed a Second Amended Petition which cured the pleading deficiencies noted
4 in the Order no later than December 26, 2011. (*See* ECF No. 6.)

5      On November 14, 2011, Petitioner filed a Second Amended Petition. (See ECF No. 8.)
6 By Order dated November 30, 2011, this Court dismissed Petitioner's Second Amended Petition
7 for his failure to allege exhaustion of state judicial remedies and for his failure to state grounds
8 for relief in the Second Amended Petition. (*See* ECF. No. 9.) Upon further review, the Court
9 **WITHDRAWS** its November 30, 2011, Order and **DISMISSES** the case without prejudice and
10 without leave to amend for the following reasons.

11          **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

12      Petitioner has again indicated that he did not seek review in the California Supreme Court
13 to exhaust his state judicial remedies. (*See* Second Amended Petition at 6-7.) Petitioner was
14 notified in this Court's October 25, 2011, Order that habeas petitioners who wish to challenge
15 either their state court conviction or the length of their confinement in state prison, must first
16 exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129,
17 133-34 (1987). Because Petitioner has indicated twice that he did not seek review in the
18 California Supreme Court, it appears plain that Petitioner is not presently entitled to federal
19 habeas relief.

20          **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

21      In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition
22 "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the
23 petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058
24 (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner
25 made conclusory allegations instead of factual allegations showing that he was entitled to relief).
26 Here, Petitioner has again violated Rule 2(c) because although he claims counsel was ineffective,
27 he has failed to support the claim with specific factual allegations. (*See* Pet. at 6, ECF No. 8.)
28

1  While courts should liberally interpret pro se pleadings with leniency and understanding, this should not place on the reviewing court the entire onus of ferreting out grounds for relief. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001). The Court finds that the Petition contains conclusory allegations without any grounds for relief. A federal court may not entertain a petition that contains allegations which are conclusory.

This Court would have to engage in a tenuous analysis in order to attempt to identify and make sense of the Petition. In order to satisfy Rule 2(c), Petitioner must point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (internal quotation marks omitted). Facts must be stated, <u>in the petition</u>, with sufficient detail to enable the Court to determine, from the face of the petition, whether further habeas corpus review is warranted. *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990). Moreover, the allegations should be sufficiently specific to permit the respondent to assert appropriate objections and defenses. *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989). Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to assert appropriate objections and defenses.

## CONCLUSION

In light of the above, the Court **WITHDRAWS** its November 30, 2011, Order, and **DISMISSES** the case without prejudice and without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

DATED: December 6, 2011

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge